IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY F. FELTON, #0926198242,<br>DAVID A. KIFER, #1002196075,<br>TYLER NEAL JOHNSON, #201391<br><br>           Plaintiff,<br><br>vs.<br><br><br>SHERIFF,<br>DAVID WEDDING,<br>BRUCE UNGETHEIM,<br>CHERYL A. MUSGRAVE,<br>BEN SHOULDERS, and<br>JOHN/JANE DOE,<br><br>           Defendants. | Case No. 19-cv-00662-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court *sua sponte* for case management. Plaintiffs Troy Felton, David Kifer, and Tyler Neal Johnson, who are currently held at the Jefferson County Justice Center, bring this civil rights action pursuant to 42 U.S.C. § 1983 for the alleged illegal transfer of inmates from Vanderburgh County Jail in Indiana to Jefferson County Justice Center in Illinois, which has resulted in inadequate amount of food and legal materials, as well as unreasonable prices for medical services and commissary items and poison being sprayed in the cell blocks for pest control. (Doc. 1). Plaintiffs seek injunctive relief. Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

1

## **Signatures**

As an initial matter, it is unclear whether Plaintiffs intend to bring their claims jointly. Federal Rule of Civil Procedure 11(a) requires every pleading, written motion, and other paper to be signed by "a party personally if the party is unrepresented." A non-attorney cannot file papers for another litigant. There are three plaintiffs in this case, Felton, Kifer, and Johnson, but only Felton has signed the Complaint. A week after the Complaint was filed, a Motion for Emergency Preliminary Injunction (Doc. 5) and a Supplement to the Complaint (Doc. 6) were filed, however, neither document is signed by any of the Plaintiffs. Additionally, only Plaintiff Felton has submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. 2). Because Plaintiffs Kifer and Johnson have not complied with Federal Rule of Civil Procedure 11, the Court will order Plaintiffs Kifer and Johnson to submit properly signed Complaints, along with IFP Motions or filing fees, or risk dismissal from the action.

The Court also notes that the Complaint states that this is a class action, but no motion for class certification has been filed. (Doc. 1, p. 1). "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan v. Universal Guar. Life Ins*. Co., 298 F.3d 609, 616 (7th Cir.2002)). Even if a motion had been filed, however, the motion would be subject to denial because a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012; *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000)("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action) (internal citations and quotation marks omitted)).

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must advise them of the consequences of proceeding in this manner, including their filing fee obligations, and give them an opportunity to withdraw from the case or sever their claims into individual actions.

The Seventh Circuit addressed the difficulties in administering group prisoner Complaints in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). District courts are required to accept joint Complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on

3

every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs for filing motions, briefs, or other papers will be twice as much as that of a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. On the other hand, a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Also, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases, each of which involves an additional filing fee obligation and the risk of a "strike" within the meaning of 28 U.S.C. § 1915(g). Plaintiffs may wish to consider *Boriboune* and the afore-mentioned factors in determining whether to assume the risks of group litigation.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. In keeping with this suggestion, the Court offers Plaintiffs Kifer and Johnson an opportunity to withdraw from this litigation before the case progresses further.[1] Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

---

[1] Plaintiff Felton, who the Court designates the "lead" Plaintiff in this case, is not afforded such an opportunity as he filed the case and is the only Plaintiff to sign the Complaint and file an IFP motion.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he may be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[2]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each plaintiff. As previously mentioned, a non-attorney cannot file or sign papers for another litigant, and as long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

## Pending Motions

A Motion for Emergency Preliminary Injunction was filed in this case on June 25, 2019. (Doc. 5). The Motion was not signed by any of the Plaintiffs. However, the return address on the envelope in which the Motion was sent to the Court bears Plaintiff Kifer's name. Accordingly, it appears that the Motion was submitted by Kifer. In the Motion, Kifer, who is Jewish, claims that

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

5

he has been denied kosher meals and even regular meals given to other inmates. *Id.* at. p. 1. The Motion seeks an order directing officials to provide Kifer with a wholesome kosher diet that contains bread, milk, fruit, vegetables, and non-pork meat. *Id*.

Because the Motion is unsigned, in violation of Rule 11(a), and because it is unclear which parties will continue with this litigation, the Motion will be **DENIED** without prejudice. If Plaintiff Kifer chooses to proceed with this litigation and needs emergency injunctive relief, he must file a new motion that complies with Rule 11(a).

### Disposition

**IT IS HEREBY ORDERED** that Plaintiffs Kifer and Johnson shall advise the Court in writing on or before **July 25, 2019,** whether he wishes to continue as a plaintiff in this group action. If, by that deadline, Plaintiff Kifer or Johnson advises the Court that he does **not** wish to participate in this action, he will be dismissed from the lawsuit and will not be charged a filing fee. **This is the *only* way to avoid the obligation to pay the filing fee.**

**IT IS FURTHER ORDERED** that, if Plaintiffs Kifer or Johnson chooses to continue as a plaintiff in this group action, he must submit a copy of the Complaint (Doc. 1) bearing his signature, on or before **July 25, 2019.** To enable the Plaintiffs to comply with this Order, the **CLERK** is **DIRECTED** to return a copy of the Complaint to Kifer and Johnson.

**IT IS FURTHER ORDERED** that if Plaintiff Kifer or Johnson wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and he must submit a signed Complaint by **July 25, 2019**. His claims shall then be severed into a new action where a filing fee *will* be assessed in lieu of a filing fee in *this* case.

**IT IS FURTHER ORDERED** that, should Plaintiff Kifer or Johnson choose to continue as a plaintiff in this action or in a severed individual case, he must pay his filing fee of $400.00 or

file a properly completed Motion to Proceed *In Forma Pauperis* on or before **July 25, 2019. Any plaintiff who has submitted a signed Complaint but fails to timely submit a properly completed IFP Motion or filing fee will be obligated to pay the complete filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

**Should Kifer or Johnson simply not respond to this Order on or before July 25, 2019, he *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).** In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's screening order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to each Plaintiff.

**IT IS SO ORDERED.**

**DATED: 6/27/2019**

s/Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**